IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

GARY MILLER,

          Plaintiff,

v.                                      CIVIL ACTION NO.   2:12-cv-01255

HUNTINGTON NATIONAL BANK, N.A. et al.,

          Defendants.

**ORDER**

The plaintiff Gary Miller originally brought this action in December 2011 in the Circuit Court of Kanawha County. (Notice of Removal [Docket 1], at 1). The defendants removed it to this court in April 2012 alleging both diversity and bankruptcy federal question jurisdiction. *Id*. at 3-7. Pending before the court are plaintiff Gary Miller's Motion to Abstain and Remand [Docket 8], defendants Huntington National Bank and Lori Snively's Motion for Judgment on the Pleadings [Docket 10], and defendant Frank Bradley's Motion for Judgment on the Pleadings [Docket 12].

A review of the case reveals that the plaintiff in this action has reopened his Chapter 7 bankruptcy in the United States Bankruptcy Court of the Northern District of West Virginia, Case No. 3:10-bk-01394. Accordingly, the court *sua sponte* **ORDERS** that this matter be **TRANSFERRED** to the Northern District of West Virginia for further review.

**I. Background**

1

The plaintiff brought this case because of a series of mortgage loans he entered into with defendant Huntington National Bank. (Pl.'s Mem. Supp. Mot. Abstain and Remand [Docket 9], at 2). The plaintiff contends that defendants Huntington National Bank, Frank Bradley, Appraisal Associates, and Lori Snively used predatory lending practices to "flip" the plaintiff into four loans, creating a debt which "vastly exceeds his home's value." *Id*. The plaintiff brought this action in December 2011 in the Circuit Court of Kanawha County, alleging, "Unconscionable contracts in violation of West Virginia Code § 46A-2-121; fraud, negligent misrepresentation; dishonesty, misrepresentation and breach of professional standards in violation of the Real Estate Licensing and Certification Act, West Virginia Code § 46A-2-121(2)." *Id*. at 3. The plaintiff seeks damages, civil penalties, attorney's fees, and a declaration that "the loan agreement is void and unenforceable pursuant to West Virginia Code § 46A-2-121(2)." *Id*.

Prior to filing this action in state court, plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Northern District of West Virginia, Case No. 3:10-bk-01394. The plaintiff listed his property, the loans for which are the subject of this case, but did not disclose any possible claims against these defendants. (Def.'s Mem. Supp. Mot. J. Pleadings [Docket 10], Ex. 2). The Chapter 7 trustee issued a discharge on September 28, 2010, and closed the case. (Def.'s Mem. Supp. Mot. J. Pleadings [Docket 10], Ex. 3).

The plaintiff's bankruptcy has recently been re-opened to administer this case as a new asset. *See* (Def.'s Reply Mem. Supp. Mot. J. Pleadings [Docket 33], Ex. C; Pl.'s Combined Resp. [Docket 29], Ex. C). A trustee has been appointed, plaintiff has filed an amended schedule of assets that includes the claim, and special counsel hired to pursue the claim (who is also plaintiff Miller's counsel). *See In re Gary A. Miller*, Case No. 3:10-bk-01394 (Bankr. N.D. W. Va.)

[Docket 22] (appointing Robert W. Trumble as trustee in reopened case); (Def.'s Reply Mem. Supp. Mot. J. Pleadings [Docket 33], Ex. B at 5-6 (debtor-plaintiff's amended schedule); Ex. D (attached order hiring special counsel)). The plaintiff has also sought an exemption for part of the claim, but the allowed thirty days for the trustee to object has not yet run. *See* (Def.'s Reply Memo. Supp. Mot. for Judgment on the Pleadings [Docket 33], at 11). As such, it is still unclear whether the claim belongs entirely to the bankruptcy estate or the plaintiff has retained an interest in the claim through exemption.

## II. Standard of Review

A district court can change venue for a "case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (2006); *see Dunlap v. Friedman's, Inc.*, 331 B.R. 674, 680 (S.D. W. Va. 2005) (holding that 1412 is the appropriate venue transfer provision for cases "arising under title 11 or arising in or related to a case under title 11."). A proceeding arises in Title 11 if it "is not based on any right expressly created by Title 11, but nevertheless, would have no existence outside of the bankruptcy." *Valley Historic Ltd. P'ship v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007) (citations omitted; internal quotation marks omitted). A case to avoid or determine the extent or priority of liens is typically a proceeding "arising in a case" under title 11. *See* 28 U.S.C. § 157(b)(2)(K) (listing the determination of liens as a core proceeding); *Barge v. W. S. Life Ins. Co.*, 307 B.R. 541, 544 (S.D. W. Va. 2004) (noting that civil proceedings "arising in a case under Title 11 include administrative matters, allowance or disallowance of claims, determination of liens and other matters that take place as part of the administration of the bankruptcy estate.").

The factors to consider for the convenience of the parties and the interest of justice under 28 U.S.C. § 1412 include:

> 1. The proximity of creditors of every kind to the court[;] 2. The proximity of the debtor to the court[;] 3. The proximity of the witnesses necessary to the administration of the estate[;] 4. The location of the assets [;] and 5. The economical and efficient administration of the estate. The fifth factor, the economical and efficient administration of the estate, is the most important factor to consider. Other factors courts consider when deciding to transfer venue are: 1. The presumption in favor of the home court; 2. The ability to receive a fair trial; 3. The state's interest in having local controversies decided within its borders, by those familiar with its law; 4. Enforceability of any judgment to be rendered; [and] 5. Plaintiff's original choice of forum.

*Barnes v. Moffatt*, No. 2:06-cv-0662, 2006 WL 3090908 at *1 (S.D. W. Va. Oct. 25, 2006) (citing *Dunlap*, 331 B.R. at 681) (citations omitted; internal quotations omitted).

### III. Discussion

The plaintiff has acknowledged that seeking a voidance of the mortgage loan on his property invokes a determination of the validity of a lien, and therefore this case arises in a case under Title 11. *See* (Pl.'s Mem. Supp. Mot. Abstain and Remand [Docket 9], at 6). 28 U.S.C. § 1412 is therefore the appropriate venue provision to use in this case.[1]

The factors relating to the convenience of the parties indicate that this case should be transferred to the Northern District of West Virginia, where the bankruptcy has been reopened and is now pending (also known as the "home court"). The only creditors are Huntington Mortgage and Citi Cards, both of whom are in Columbus, OH. *See* (Def.'s Mem. Supp. Mot. J. Pleadings [Docket 10], Ex. 2 at 13, 15). A transfer to the Northern District of West from the Southern District of West Virginia will not greatly impact the convenience of these creditors. The debtor (plaintiff

---

[1] It should be noted that it is not yet entirely settled whether a case "related to" a case under title 11 should use 28 U.S.C. § 1412 or 28 U.S.C. § 1404. *See, e.g.*, *Dunlap*, 331 B.R. at 676-80 (noting the current split of authority and determining 1412 was appropriate for "related to" actions); *Brown v. Wells Fargo*, 463 B.R. 332, 336-39 (M.D.N.C. 2011) (noting the split and current lack of binding Fourth Circuit law on the matter).

Miller) lives in the Northern District of West Virginia, so transfer would be more convenient for him. Further, the other defendants in this case, Lori Snively and Frank Bradley, both work or reside in West Virginia. (Compl. ¶¶ 4-5). It is unknown what additional witnesses other than the parties would need to be called, but given that the transactions at issue likely occurred within West Virginia, it is likely that most if not all witnesses are within or near West Virginia. (Compl. ¶¶ 3-5) (noting that all defendants do business in West Virginia, indicating plaintiff's allegations regard actions they took within the state). The asset at issue is the debtor-plaintiff's house, which also is in the Northern District of West Virginia. *See* (Def.'s Reply Mem. Supp. Mot. J. Pleadings [Docket 33], Ex. B at 3) (listing location of property as 10786 Winchester Grade Road, Berkeley Springs, WV 25411). The final factor, the economical and efficient administration of the estate, is particularly important in this case. The property at issue in this case is the plaintiff's main asset in his reopened bankruptcy; if the loan secured by a lien on the property were declared invalid, the position of the plaintiff's other creditor Citi Cards could change. Also, to the extent plaintiff recovered any damages, those funds could be part of the estate that could be distributed to plaintiff's remaining creditor(s).

The factors relating to the interests of justice also support transferring this case to the Northern District of West Virginia. Doing so would satisfy the presumption in favor of the home court, where the bankruptcy proceeding is currently ongoing. There is no indication that either party would not receive a fair trial in the Northern District of West Virginia. *See Dunlap*, 331 B.R. at 681 (noting transfer did not endanger plaintiff's right to a fair trial because the parties could "either consent to a jury trial before the bankruptcy court or move for withdrawal of reference as appropriate . . . ."). The state of West Virginia's interest is satisfied equally by venue either in the

5

Southern or Northern District of West Virginia. There is no indication the judgment would suffer any enforceability issue if transferred. Finally, although this transfer does not comport with the plaintiff's original forum choice of West Virginia state court, given the core bankruptcy issue at stake, complying with the plaintiff's choice would not occur regardless.

Further, there is an unresolved issue of whether and how the plaintiff can bring this action that is best resolved in coordination with the bankruptcy proceedings.[2] If the claim belongs entirely in the Chapter 7 bankruptcy estate, the plaintiff does not have standing to bring this action.[3] Under United States Bankruptcy law and West Virginia state law, however, debtors are allowed to exempt some portion of their assets from the bankruptcy estate. *See* 11 U.S.C. § 522(b); W. VA. CODE § 38-10-4. If plaintiff Miller properly exempts some portion of the claims in this case, he may have standing to bring the claim for that amount. *See Wissman v. Pittsburgh Nat'l Bank*, 942 F.2d 867, 871-72 (finding married debtor-plaintiffs had a "present, substantial interest" necessary for standing when each they listed an exemption for up to $7,900 of any recovery of claim listed as an asset on their bankruptcy schedule). Here, plaintiff has claimed an exemption up to the West Virginia state law maximum under the "wild card" provision, which could be nearly

---

[2] When a debtor files for Chapter 7 bankruptcy, the petition creates a bankruptcy estate which contains "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (2006). This estate includes causes of actions. *In re Bogdan*, 414 F.3d 507, 512 (4th Cir. 2005) (citing *Polis v. Getaways, Inc*., 217 F.3d 899, 901 (7th Cir. 2000)); *see also Miller v. Pacific Shore Funding*, 287 B.R. 47, 50 (D. Md. 2002) ("Even a cause of action that the debtor, when filing the petition, did not know the law granted belongs to the estate."). The bankruptcy trustee administers the bankruptcy estate. *In re Bunker*, 312 F.3d 145, 150 (4th Cir. 2002).

[3] Because a pre-petition claim belongs to the bankruptcy estate, the trustee has "full authority" over the claim, and "before the debtor or a creditor may pursue a claim, there must be a judicial determination that the trustee in bankruptcy has abandoned the claim." *Steyr-Daimler-Puch of Am. Corp. v. Pappas*, 852 F.2d 132, 136 (4th Cir. 1988) (affirming district court dismissal of complaint properly within bankruptcy estate when there had been no judicial determination of trustee abandonment); *see also Miller*, 287 B.R. at 50 ("Moreover, '[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim.'") (quoting *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co*., 187 F.3d 439, 441 (4th Cir. 1999); *In re Hopkins*, 346 B.R. 294, 303-304 (Bankr. E.D.N.Y. 2006) (collecting cases to contend that "courts have consistently held that only the trustee and not a debtor has standing to pursue causes of action that belong to the bankruptcy estate.").

$20,000, an amount greater than the Fourth Circuit found necessary for standing in *Wissman*. (*See* Def.'s Reply Mem. Supp. Mot. J. Pleadings [Docket 33], Ex. B at 5-6).[4]

Because the amended schedule was filed on September 12, 2012, however, the time to object has not yet passed. *See* (Def.'s Reply Memo. Supp. Mot. for Judgment on the Pleadings [Docket 33], Ex. B); FED. R. BANKR. P. 40003(b)(1) (noting that "a party in interest" may object "within 30 days after any amendment . . . is filed"); *Wissman*, 942 F.2d at 870 (noting that the trustee may also object to the debtor's claimed exemptions). As such, the plaintiff's standing cannot yet be determined. Further, even if the plaintiff has standing, the trustee may still be a necessary plaintiff for this case to proceed. *See Wissman*, 942 F.2d at 872. As yet no record of whether and how the Trustee wishes to proceed with the claims that remain in the bankruptcy estate (or portions thereof, if *Wissman* does in fact allow two separate cases on the same claims). Therefore, transferring to the Northern District of West Virginia will aid in the coordination of this case with the bankruptcy's proceedings to ensure that these jurisdictional issues are properly resolved. *Id.* at 873 (suggesting that on remand the debtor-plaintiffs "give the trustee an opportunity to intervene" and if the trustee declines, the debtor-plaintiffs could "then move the bankruptcy court to compel the trustee to abandon the estate's interest in any potential recovery of the action").

Accordingly, it is **ORDERED** that this case be transferred to the United States District Court of the Northern District of West Virginia and that this case be stricken from the docket of

---

[4] The plaintiff has filed an amended schedule listing possible claims "against Huntington Bank for violations of the West Virginia Consumer Credit and Protection Act," and "Huntington Bank and other parties for predatory lending and appraisal fraud," alleging the "[a]mount of claim is unknown and Debtor intends to use maximum amount of remaining[sic] exemptions against claim." (Def.'s Reply Mem. Supp. Mot. J. Pleadings [Docket 33], Ex. B at 5-6). Under W. VA. CODE § 38-10-4(e), the debtor can exempt "eight hundred dollars plus any unused amount" of W. VA. CODE § 38-10-4(a), which allows for a maximum exemption of twenty-five thousand dollars. The amended schedule currently lists $5,800 of exemptions in addition to using the "wild card" exemption for the claims in this case.

this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 26, 2012

Joseph R. Goodwin, Chief Judge